FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 1 2011 ★
DOCKET & FILE
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SONYA GORBEA,

                Plaintiff,

**MEMORANDUM AND ORDER**
11 CV 3758 (KAM) (LB)

-against-

VERIZON NY INC.,

                Defendant.
------------------------------------------------------------X

**MATSUMOTO, United States District Judge:**

        Plaintiff Sonya Gorbea brings this action against defendant alleging violations of the Americans with Disabilities Act of 1990. Plaintiff seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff is directed to pay the statutory filing fee of $350 within fourteen (14) days of the date of this Order in order to proceed with this action.

        The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to

obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F.Supp. 304, 308 (S.D.N.Y. 1996)).

The financial declaration form that plaintiff has submitted does not satisfy the court that she is unable to pay the court's filing fee to commence this action. Plaintiff states that she has $15,000.00 in cash and/or in a checking or saving account. (ECF No. 2, Application to Proceed in District Court without Prepaying Fees or Costs ("IFP App.") at ¶ 4, dated August 2, 2011.) Moreover, plaintiff states that she receives $400.00 per week in workers compensation benefits; $1929.00 in rental payments over the past year; and $1,100.00 for living expenses. (IFP App. at 3.) For expenses, plaintiff alleges that she has a mortgage and credit card debt. (Id. at ¶ 8.) Plaintiff's application establishes that she has sufficient resources to pay the $350 filing fee to commence this action, and her request to proceed IFP is therefore denied.

Accordingly, plaintiff must pay the $350 filing fee within fourteen (14) days of the date of this Order in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP

2

status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to serve a copy of this Memorandum and Order on plaintiff and note service on the docket.

**SO ORDERED.**

/S/

_____
KIYO MATSUMOTO
United States District Judge

Dated: August 11, 2011
      Brooklyn, New York