UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------x
SONYA GORBEA,

                Plaintiff,                    **MEMORANDUM & ORDER**

        -against-                             11-CV-3758 (KAM)(LB)

VERIZON NEW YORK, INC.,

                Defendant.
---------------------------x
**MATSUMOTO, United States District Judge:**

            Presently before the court are the parties' motions *in*

*limine*.[1]  Defendant moves to exclude from trial evidence

regarding claims previously dismissed by the court in ruling on

the parties' cross-motions for summary judgment and claims that

plaintiff presented to the New York State Workers' Compensation

Board.  (ECF Nos. 48-49.)  Plaintiff moves to preclude defendant

from asserting an affirmative defense (and evidence thereof) of

undue hardship to plaintiff's disability accommodation claims.

(ECF No. 50.)  For the reasons set forth below, defendant's

motion to exclude from trial claims previously dismissed by the

court is granted.  Defendant's motion to exclude evidence

regarding claims presented to the Workers' Compensation Board is

granted in part and denied in part, and plaintiff's motion to

exclude the undue hardship defense is denied.  As previously

decided, and as will be discussed below, only the following

---
[1] The parties have presented their motions to preclude certain claims and
related evidence as motions *in limine*, and neither party has objected.  The
court therefore considers the motions and the relief sought as presented by
the parties.

claims will be tried in this case: 1) whether defendant failed to accommodate plaintiff's alleged disability related to her back, in violation of the Americans with Disabilities Act ("ADA") and New York City Human Rights Law ("NYCHRL") (the court previously determined that plaintiff is not disabled due to back-related limitations in the major life activity of working); and 2) whether plaintiff was suspended from her job in October of 2010 in retaliation for requesting certain accommodations, in violation of the ADA only. The NYCHRL retaliation claims are barred by the prior decision of the Workers' Compensation Board.

## DISCUSSION

### I. Motion *in Limine* Standard

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the

actual testimony differs from what was [expected]." *Luce* 469
U.S. at 41.

## II. Defendant's Motion to Exclude Evidence of Previously Dismissed Claims

On March 10, 2014, the court issued an order denying
plaintiff's motion for summary judgment and granting in part and
denying in part defendant's motion for summary judgment. ("Mem.
& Order," ECF No. 46.) In its order, the court made the
following rulings: 1) that plaintiff's lumbosacral sprain did
not substantially limit the major life activity of working (Mem.
& Order at 18-20); 2) that plaintiff's asthma did not constitute
a disability as defined by the ADA (Mem. & Order at 21-22); and
3) that plaintiff's current medical leave is not retaliatory
(Mem. & Order at 31-33). In addition, the court declined to
analyze whether plaintiff's asthma would be considered a
disability under the NYCHRL because, having dismissed
plaintiff's federal claim regarding her asthma, it would not
exercise supplemental jurisdiction over plaintiff's related
asthma claims under the NYCHRL. (Mem. & Order at 22.) *See
also, e.g.*, *Thomas v. City of New York*, 953 F. Supp. 2d 444, 462
(E.D.N.Y. 2013) ("Especially in light of the Second Circuit's
decision in *Mihalik v. Credit Agricole Cheuvreux North America,
Inc.,* 715 F.3d 102 (2d Cir. 2013), recognizing that the NYCHRL
has a lower threshold of proof than its federal counterparts,

comity suggests that the state courts should resolve these local law claims.  This is particularly appropriate since this heightened standard has been applied primarily at the intermediate appellate level of the state courts, with limited opportunity for the New York Court of Appeals to construe it, and thus there is no reason for a federal court to apply the statute [to a claim over which] it no longer has original jurisdiction.").  Accordingly, the court, in the March 10, 2014 Memorandum and Order, granted defendant's summary judgment motion regarding plaintiff's disability due to her asthma and dismissed plaintiff's asthma accommodation claim.  (*See* Mem. & Order at 22.)

Except as provided herein, claims that were dismissed or determined by summary judgment, including the alleged failure to accommodate plaintiff's asthma, the finding that plaintiff's alleged back disability does not limit the major life activity of working, and the determination that plaintiff's current medical leave is not retaliatory, may not be tried, and evidence relating thereto may not be introduced at trial.  Federal Rule of Evidence 402 states that "[i]rrelevant evidence is not admissible."  The Rules define evidence as relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The

previously dismissed claims, and evidence thereof, are not "of consequence in determining the action" and therefore will be excluded. *Id.; see also Hamza v. Saks Fifth Ave., Inc.*, No. 07-CV-5974, 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) (excluding, pursuant to Federal Rules of Evidence 401 and 402, evidence of previously dismissed disability discrimination claims where only plaintiff's retaliatory discharge claims were at issue at trial). Accordingly, defendant's motion to preclude previously dismissed claims and evidence thereof is granted.

### III. Defendant's Motion to Preclude Claims Presented to the Workers' Compensation Board

Defendant moves to exclude certain of plaintiff's claims that she previously presented to the Workers' Compensation Board on the grounds that they are barred by the doctrines of collateral estoppel and *res judicata*. For the reasons set forth below, defendant's motion is granted in part and denied in part.

On October 21, 2010, plaintiff was suspended for thirty days for, according to her supervisor, being "off the job" without permission on October 18, 2010. (Ltr. dated Oct. 21, 2010, ECF No. 49-2, at 34.) Plaintiff filed a complaint with the Workers' Compensation Board stating that she left work to get fresh air because she was having difficulty breathing, due to a recent fumigation after work hours in the building.

(Discrimination Compl., ECF No. 49-2, at 36.)  On April 27,

2011, the Board found that plaintiff's "lost time claimed was

due to her being suspended and unrelated to her medical

condition" and that her suspension was "for nondiscriminatory

purposes" and that defendant did not act with retaliatory intent

in suspending plaintiff.  (Notice of Bd. Decision, Pl. Summ. J.

Ex. 9, ECF No. 29-9; Bd. Decision., ECF No. 49-2, at 39.)  The

decision was affirmed by an administrative panel on appeal.

(Bd. Panel Decision, ECF No. 49-2, at 41.)

        Defendant argues that the Workers' Compensation

Board's decision bars this court's consideration of plaintiff's

claim that her suspension was in retaliation for protected

activities under the ADA.  It is, however, "well established

that state administrative proceedings not reviewed by state

court do not have preclusive effect on an ADA claim."[2]  *Greenberg*

*v. N.Y.C. Trans. Auth.*, 336 F. Supp. 2d 225, 242-43 (E.D.N.Y.

2004) (holding that a Workers' Compensation Board decision did

not have preclusive effect in an ADA action and noting the

differences between retaliation claims under the ADA and

Workers' Compensation Law); *see also Kosakow v. New Rochelle*

*Radiology Assocs., P.C.*, 274 F.3d 706, 735 (2d Cir. 2001)

_____

[2] To the extent that plaintiff seeks to argue that she was suspended in
retaliation for requesting an ergonomic chair and keyboard, however, that
argument would be barred by virtue of the fact that plaintiff requested the
ergonomic equipment after she was suspended.  (*See* Mem. & Order at 7 (citing
Pl. 56.1 Stmt. ¶ 19).)

(noting that an administrative decision by the New York State Division of Human Rights "would have . . . no effect on subsequent federal litigation.").

Although plaintiff's federal ADA retaliation claim is not precluded by the decision of the Workers' Compensation Board, the Board's decision is nonetheless relevant to plaintiff's federal retaliation claims at trial. Federal courts give "great weight" to findings of fact made during state administrative proceedings. *Ragusa v. United Parcel Serv.*, No. 05-CV-6187, 2008 WL 612729, at *5 (S.D.N.Y. Mar. 3, 2008) (collecting cases). Therefore, defendant's motion is denied to the extent defendant seeks to preclude plaintiff from asserting federal retaliation claims at trial but evidence of the Workers' Compensation Board decision may be presented at trial.

The Workers' Compensation Board's decision, however, precludes plaintiff's NYCHRL retaliation claims based on plaintiff's alleged asthma and back sprain. "[F]ederal courts must give a state agency acting in a judicial capacity 'the same preclusive effect to which it would be entitled in the State's courts' as long as 'the parties have had an adequate opportunity to litigate.'" *Rahman v. Museum of Natural History*, No. 10-CV-921, 2012 WL 1077679, at *8 (E.D.N.Y. Mar. 30, 2012) (quoting *DeCintio v. Westchester Cnty. Med. Ctr.*, 821 F.2d 111, 116 (2d Cir. 1987)). An administrative agency's ruling collaterally

estops the plaintiff from relitigating her NYCHRL claim when
"(1) the issue sought to be precluded is identical to a material
issue necessarily decided by the administrative agency; and (2)
there was a full and fair opportunity to contest the issue."
*Id.* (citing *Jeffreys v. Griffin*, 1 N.Y.3d 34, 39 (2003)).

The court agrees with defendant that the Workers'
Compensation Board decision has a preclusive effect under New
York law on plaintiff's NYCHRL claims. The issues and
retaliation claim presented to the Workers' Compensation Board
are identical to those before the court under the NYCHRL, to the
extent plaintiff claims that her suspension was based on
discriminatory retaliation. The provision of the Workers'
Compensation Law under which plaintiff brought her claim is
Section 120, which provides that it is unlawful

> [F]or any employer . . . to discharge or in any other
> manner discriminate against an employee as to his or
> her employment because such employee has claimed or
> attempted to claim compensation from such employer,
> . . . and no other valid reason is shown to exist for
> such action by the employer.

Workers' Comp. L. § 120. Plaintiff had a full and fair
opportunity to challenge her suspension based on alleged
retaliation and discrimination before the Workers' Compensation
Board. The Workers' Compensation Board found that defendant
presented a valid reason for plaintiff's suspension based on a
work-time violation, and not because of retaliatory

discrimination based on her alleged medical condition.  To the extent plaintiff does seek to argue at trial that she was suspended in retaliation for seeking workers' compensation, this claim is also barred.  Therefore, defendant's motion to preclude plaintiff's federal ADA claims previously presented to the Workers' Compensation Board is denied, and defendant's motion to preclude plaintiff's NYCHRL claims previously presented to the Workers' Compensation Board is granted.

## IV.  Plaintiff's Motion to Preclude Defendant from Presenting Its Affirmative Defense of Undue Hardship

In her motion *in limine*, plaintiff argues that, because defendant did not explicitly plead "undue hardship" as an affirmative defense to plaintiff's disability accommodation claims, defendant may not present this defense at trial.  The court finds that it is unnecessary for defendant explicitly to plead undue hardship as an affirmative defense and that, in any event, defendant did adequately plead this defense. Accordingly, plaintiff's motion is denied for the reasons that follow.

Both the ADA and NYCHRL provide for an undue hardship defense to disability accommodation claims.  The ADA forbids discrimination on the basis of disability if an employer does "not [make] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a

disability . . ., unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such [employer]." 42 U.S.C. § 12112(b)(5)(A). The NYCHRL similarly provides that a reasonable accommodation for an employee's disability is one that "shall not cause undue hardship in the conduct of the [employer's] business." N.Y.C. Admin Code § 8-102(18). Under both the federal and city laws, the employer has the burden of demonstrating that an accommodation would cause undue hardship. *See McMillan v. City of New York*, 711 F.3d 120, 128 (2d Cir. 2013) ("If a plaintiff suggests plausible accommodations, the burden of proof shifts to the defendant to demonstrate that such accommodations would present undue hardships and would therefore be unreasonable."); N.Y.C. Admin Code §8-102(18) ("The [employer] shall have the burden of proving undue hardship.").

The courts in the Second Circuit that have considered whether undue hardship must be pled as an affirmative defense under the ADA and NYCHRL have determined that it does not. *See Brooklyn Ctr. for Independence of the Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 2013 WL 5943995, at *63 (S.D.N.Y. Nov. 7, 2013) (holding, in an ADA public accommodation case, that it was unnecessary for defendants to plead undue hardship because plaintiffs had not proposed specific accommodations); *Schnitzer v. Bank Leumi USA*, No. 09-CV-3173, 2010 WL 3069646, at *5

(S.D.N.Y. July 29, 2014) (holding, in an NYCHRL case, that the NYCHRL does not create an affirmative defense of undue hardship but rather "allocates the burden of proof on the issue of the reasonableness of an accommodation when it implicates 'undue hardship.'"). *But cf. LeBlanc v. United Parcel Serv.*, No. 11-CV-6983, 2014 WL 1407706, at \*18 (S.D.N.Y. Apr. 11, 2014) (holding that, under the NYCHRL, undue hardship is an affirmative defense but not addressing the question of whether it must be pled in the Answer). The court can find no authority in this Circuit, and plaintiff has identified none, for the proposition that a defendant must plead undue hardship in order to assert that defense at trial. *See also Bloomberg*, 2013 WL 5943995, at \*63 ("The Court has not found—and Plaintiffs have not cited—any case in which a court has held that failure to plead a[n] . . . undue hardship defense waived that defense").

Even if, pursuant to Federal Rule of Civil Procedure 8, defendant was required to plead undue hardship as a defense against plaintiff's accommodation claims, the court finds that defendant has pled this defense adequately. In the Answer, defendant pleads the following affirmative defenses, among others: that Verizon "acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines;" and "all actions taken by Defendant with respect to the Plaintiff were

undertaken in good faith and for legitimate business reasons."
(Answer ¶¶ 5-6, ECF No. 10.)  These defenses provide plaintiff
with adequate notice that defendant would claim that any failure
to accommodate plaintiff did not have a discriminatory basis but
rather complied with the law and was based on defendant's
business concerns.  *See Saks v. Franklin Covey Co.*, 316 F.3d
337, 350 (2d Cir. 2003) (citing *Blonder-Tongue Labs., Inc. v.
Univ. of Ill. Found.*, 402 U.S.. 313, 350 (1971)) ("One of the
core purposes of Rule 8(c) is to place the opposing parties on
notice that a particular defense will be pursued so as to
prevent surprise or unfair prejudice.").  Defendant's Answer
adequately apprised plaintiff of the fact that Verizon would
defend against plaintiff's accommodation claims by asserting
that it was unduly burdensome for the company to accommodate
plaintiff.

Moreover, to the extent that plaintiff complains that
defendant failed to provide discovery regarding undue hardship,
plaintiff identifies no discovery request that specifically
seeks discovery regarding undue hardship.  Plaintiff did,
however, request documents regarding defendant's affirmative
defenses to which defendant objected.  (Pl. Mot. Ex. 4, Doc.
Request 46, ECF No. 50-6, at 13.)  There is also no indication
in the record that defendant provided documents relevant to the
undue hardship defense as part of its disclosure obligations

12

pursuant to Federal Rules of Civil Procedure 26(a) and (e).
Accordingly, defendant may not proffer documents at trial that
bear specifically on its undue hardship defense. *See* Fed. R.
Civ. P. 37(c)(1) ("If a party fails to provide information . . .
as required by Rule 26(a) or (e) [regarding initial disclosures
and the duty to supplement those disclosures], the party is not
allowed to use that information or witness to supply evidence
. . . at a trial, unless the failure was substantially justified
or is harmless."); *see also, e.g.*, *Quiles v. City of New York*,
No. 11-CV-5613, 2014 WL 1918635, at *3, *6 (S.D.N.Y. May 8,
2014) (precluding the defendant from presenting evidence
pertaining to its affirmative defense because the relevant
documents were disclosed "one and one-half years after the close
of fact discovery and mere months before trial").

    For the reasons set forth above, plaintiff's motion *in
limine* is denied; however, defendant may not proffer documents
at trial that bear specifically on its undue hardship defense.

## CONCLUSION

    For the foregoing reasons, plaintiff's motion *in
limine* is denied, defendant's motion *in limine* to exclude
previously dismissed claims is granted, and defendant's motion
*in limine* to exclude certain claims on the basis of *res judicata*
or collateral estoppel is granted in part and denied in part.
Only the following claims will, therefore, be tried in this

case: 1) whether defendant failed to accommodate plaintiff's alleged disability related to her back, in violation of the ADA and NYCHRL (the court previously determined that plaintiff is not disabled due to back-related limitations in the major life activity of working); and 2) whether plaintiff was suspended from her job in October of 2010 in retaliation for requesting certain accommodations, in violation of the ADA only. The final pre-trial conference in this case will take place, as previously scheduled, on July 9, 2014.  The parties shall submit joint revised proposed jury charges consistent with the remaining claims no later than July 1, 2014.

**SO ORDERED.**

Dated:   June 25, 2014
         Brooklyn, New York

                              ____/s/_____ _____
                              Kiyo A. Matsumoto
                              United States District Judge
                              Eastern District of New York